UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL J. NAPIERALSKI,

    Plaintiff,

               Case No. 26-cv-1159-pp

  v.

FRANK J. BISIGNANO,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed, he is married and his spouse is employed, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that his spouse makes $2,400 per month and that they have monthly expenses totaling $2,800 ($1,200 mortgage, $900 credit card payments, $300 other household expenses, $300 food, $100 telephone). Id. at 2-3. The plaintiff says that he owns his home, worth approximately $275,000 with $85,000 in equity; he owns a 2009 Toyota Sienna, worth approximately $10,000 and a 2010 Chevrolet Avalanche, worth approximately $10,000; he has $2,000 in cash on hand or in a checking or savings account; and he has no other property of value. Id. at 3-4. The plaintiff states, "We are not making end meet monthly, I can not afford to pay the fee." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied disability benefits, that he is disabled and unable to engage in substantial gainful activity and that

2

when denying benefits, the Commissioner "committed error of law by improperly evaluating the evidence, failing to set forth a residual functional capacity assessment that is supported by substantial evidence, and failing to support the final determination that Plaintiff is not disabled." Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3